I concur in the result reached in the main opinion. As to Part III.A. of that opinion, I join Justice Bolin's writing. With regard to Part IV of the opinion, I express no opinion because it is dicta. "Article III of the Alabama Constitution of 1901 creates the framework for the division of powers between the State's legislative, executive, and judicial branches. Each branch within our tripartite governmental structure has distinct powers and responsibilities, and our Constitution demands that these powers and responsibilities never be shared." Monroe v. Harco, Inc.,762 So.2d 828, 831 (Ala. 2000). Part IV of the main opinion overlooks the legislature's initial responsibility to weigh any benefit of the expungement of court records against the dangers of the loss of the check and balance on judicial power provided when criminal records are subject to public review and appears to advocate for expungement of court records by providing important considerations for expungement procedures. "Great care must be exercised by the courts not to usurp the functions of other departments of government. §§ 43, Constitution 1901. . . . Accordingly . . . courts cannot and will not interfere with the discretion vested in other units or branches of government." Finch v. State,271 Ala. 499, 503, 124 So.2d 825, 829 (1960). It is not this Court's responsibility to express an opinion on whether such legislation should be drafted.
SMITH and BOLIN, JJ., concur.